IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-332-CR




JOY LYNN DOUD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL

DISTRICT

NO. CR90-0372-B, HONORABLE JOHN E. SUTTON, JUDGE


 





PER CURIAM

 A jury found appellant guilty of one count of intentionally or knowingly causing
serious bodily injury to a child (count one) and four counts of intentionally or knowingly causing
bodily injury to a child (counts two through five). 1989 Tex. Gen. Laws, ch. 357, § 1, at 1441
(Tex. Penal Code Ann. § 22.04, since amended). The jury assessed punishment at imprisonment
for life on count one, and at imprisonment for ten years on counts two through five. Separate
judgments were rendered for each count, from which appellant appeals only the conviction for
causing serious bodily injury.

 Count one was divided into two paragraphs. The first paragraph alleged that
appellant intentionally and knowingly caused serious bodily injury to the head of Donald Doud
by manner and means unknown. The second paragraph alleged that the injury was caused by
Johnny Flores Navarro and that appellant, as parent of the child, intentionally and knowingly
failed to protect him. (1) In her only point of error, appellant contends the evidence is legally
insufficient to sustain her conviction on this count. We find the evidence sufficient and affirm.

 Appellant is the mother of Donald and Justin Doud, who were two and three years
old at the time of Donald's injuries. Appellant and her sons lived with her boyfriend, Johnny
Navarro. On April 30, 1989, Donald Doud was admitted to the emergency room of Shannon
Hospital in San Angelo. At the time of admission, the child was not breathing and his heart was
not beating. There was a bruise on his forehead. Appellant told the attending physicians that
Donald fell from the porch of her house, struck his head on a rock, began to have convulsions,
and stopped breathing. The boy was revived, but not before he suffered permanent brain damage. 
At the time of appellant's trial in September 1990, Donald remained in what one doctor termed
a vegetative state.

 The physicians who treated Donald and testified at trial agreed that the boy's
cardiac arrest stopped the flow of blood to his brain, and that the resulting lack of oxygen caused
the permanent brain damage. From the medical testimony, various theories emerged to explain
how this sequence of events took place. One of the doctors, a pediatric neurologist, was of the
opinion that the blow to the boy's head had been of such severity as to injure that portion of the
brain controlling the heart, causing the cardiac arrest and resulting loss of oxygen to the brain. 
The emergency physician who treated Donald when he first arrived at the hospital believed that
the child's respiration had been blocked, causing the cardiac arrest that led to the brain damage. 
This doctor suggested that Donald had been smothered in some way. Another doctor suggested
that a blow to the boy's head rendered him unconscious, and that his airway was then blocked by
his tongue, resulting in cardiac arrest and brain damage. The doctors all agreed that a fall from
the porch, which the evidence reflects was eighteen inches high, could not have caused these
injuries. 

 The physicians who treated Donald observed numerous other bruises and abrasions
on his body, and an X-ray revealed two broken ribs. The bruise on Donald's forehead was fresh,
while the other injuries appeared to be of varying ages. All had been inflicted within the three
weeks preceding the boy's admission to the hospital. Appellant and Navarro offered various
explanations for Donald's other injuries: the bruises on his face were caused by appellant's
attempt to perform CPR; the bruises and abrasions on his back were caused by Donald sliding
off the hood of their car; the bruises on his scrotum were caused by a commode lid or potty seat,
or by Donald pulling at himself; the broken ribs were caused by a fall from a bunk bed. The
testifying physicians stated that these explanations were inadequate to explain the nature and
severity of the injuries.

 Donald had one injury for which appellant and Navarro had no explanation: bite
marks on his leg. A forensic odontologist testified that he took impressions of appellant's,
Navarro's, and Justin's teeth, and compared them to the marks on Donald's leg. He concluded
that the marks were caused by appellant's teeth. At trial, appellant continued to deny biting
Donald. 

 The doctors agreed that Donald was the victim of child abuse. This testimony by
one of the doctors accurately summarizes the conclusions of each:


 Just briefly going over again the reasons I give for the child abuse
[diagnosis]. . . . The history [explanation offered for the injuries] is classic in that
it is inconsistent with the severity of the injury.


 The second thing is the assaultive pattern of the bruises, the number of the
bruises, the shape of the bruises, where the bruises are on the body and the
different ages of the bruises, are clearly inflicted injury.


 The third is the bite mark is definitely an inflicted injury and that has had
a positive identification.


 The other is the rib fractures. . . . [R]ib fractures are the most common
fractures that you see in child abuse. Putting the pattern together, I have no doubt
that this is child abuse.



 Appellant concedes that the State proved that Donald Doud suffered a serious
bodily injury to his head. Appellant also concedes that she is Donald's parent and had a legal duty
to protect the child from injury. Nevertheless, appellant challenges the sufficiency of the evidence
in two ways. First, she contends the State failed to prove that the injury to Donald's head was
the result of a criminal act. Second, appellant urges that the State failed to prove that the injury,
if criminal, was caused by her act or omission. 

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155
(Tex. Crim. App. 1981). A conviction based on circumstantial evidence must exclude every other
reasonable hypothesis except the guilt of the accused. Carlsen v. State, 654 S.W.2d 444, 448
(Tex. Crim. App. 1983) (opinion on rehearing). (2)

 In deciding whether Donald Doud was the victim of child abuse, the jury could
consider the testimony of the medical experts, who unanimously agreed that the fall from the
porch described by appellant could not have caused Donald's injury. The jury could also consider
the numerous other injuries to the child, which the doctors testified were classic symptoms of
assaultive child abuse. We find this evidence sufficient to support the jury's conclusion that the
injury to Donald's head was not the result of an accidental fall, but was caused by the criminal
act of another.

 We also find the evidence sufficient to prove that the injury was caused by
appellant's criminal act or omission. The medical testimony indicates that the child's many
injuries were inflicted over a period of several weeks. Appellant testified that the child did not
go to day care or have baby sitters, and it is undisputed that appellant and Navarro were the only
adults having custody of the boy. One of Donald's injuries, the bite on his leg, was shown by
expert testimony to have been caused by appellant. From this evidence, the jury could reasonably
conclude that appellant intentionally or knowingly caused the injury to Donald's head, or that the
injury was caused by Navarro and that appellant intentionally or knowingly failed to protect him. 
The hypothesis that Navarro repeatedly assaulted Donald over a period of three weeks without
appellant's knowledge or acquiescence is not a reasonable one.


 The point of error is overruled and the judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed:  January 15, 1992

[Do Not Publish]

1.   Counts three, four, and five also contained separate paragraphs alleging that appellant either
caused bodily injury to the child or failed to protect him from Navarro. These counts alleged
injuries to the back, scrotum, and ribs. Count two contained a single paragraph alleging that
appellant bit the child on the leg.
2.   Carlsen was prospectively overruled in Geesa v. State, No. 290-90 (Tex. Crim. App.,
November 6, 1991). Carlsen continues to apply to cases tried before November 6, 1991.